296 So.2d 74 (1974)
Joe B. FITZWATER, Appellant,
v.
Waltraud U. FITZWATER, Appellee.
No. U-151.
District Court of Appeal of Florida, First District.
June 11, 1974.
*75 James W. Grimsley of Smith, Grimsley, Barron & Remington and Virginia Searcy Barr, Fort Walton Beach, for appellant.
Siegfried F. Kessler of Moore, Dewrell, Anchors & Kessler and D. Michael Chesser, Fort Walton Beach, for appellee.
JOHNSON, Judge.
The appellant herein seeks reversal of the alimony and mortgage payment provisions of a final judgment dissolving the marriage of the parties.
The trial court ordered, inter alia, appellant to pay one-half the mortgage payments on the marital home for a period of two years, after which time the home would be sold and the proceeds divided. Appellant was further ordered to pay alimony in the amount of $150.00 per month for one year and $100.00 per month thereafter until appellee either remarried or died.
We have heard oral argument in this cause and the briefs and record on appeal have been read and given full consideration. It is our opinion that all portions of the judgment below should be affirmed with the exception of that provision which requires appellant to continue to pay the $100.00 per month alimony until appellee's remarriage or death, whichever occurs first. We conclude that the $100.00 per month award should continue only five years from its date of inception, July 1, 1974.
Our courts have recognized that the marriage relationship places both parties on a basis of complete equality as partners sharing equal rights and obligations in the marriage relationship and sharing equal burdens in the event of dissolution. Thigpen v. Thigpen, 277 So.2d 583 (Fla. App. 1st, 1973). As was stated in Beard v. Beard, 262 So.2d 269, 272 (Fla.App. 1st, 1972):
"... The fortuitous circumstance created by recitation of the marriage vows neither diminishes her [the wife's] capacity for self-support nor does it give her a vested right in her husband's earnings for the remainder of her life."
Under the facts and circumstances of this case, it is our conclusion, and we so hold, that the award of permanent alimony made to appellee constitutes an abuse of discretion and cannot be supported by applicable principles of law. An award of $150.00 per month for one year and $100.00 per month for the succeeding five years is sufficient for rehabilitative purposes in conjunction with the equitable division of the marital assets as provided in the judgment entered below.
Accordingly, the judgment appealed herein is affirmed as to all provisions except that provision which requires alimony payments of $100.00 per month until appellee's remarriage or death. That portion of the judgment is reversed with directions to order payments of $100.00 per month for a period of five years.
The petitions for attorneys' fees in connection with this appeal are denied.
Affirmed in part and reversed in part.
RAWLS, C.J., and SPECTOR, J., concur.