311 So.2d 799 (1975)
John P. SISSON, Appellant,
v.
Dianne Taylor SISSON, Appellee.
No. U-199.
District Court of Appeal of Florida, First District.
April 17, 1975.
Rehearing Denied May 20, 1975.
R.P. Warfield, Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellant.
M.J. Menge, Shell, Fleming, Davis & Menge, Pensacola, for appellee.
BOYER, Acting Chief Judge.
The sole point involved in this appeal from a final judgment of dissolution of marriage relates to the propriety of an award by the learned trial judge to the respondent wife the sum of $30,000 "as lump sum rehabilitative alimony."
*800 The parties were married in 1966. One year later a daughter was born. They were separated in January of 1972 and have since remained separate during which time appellant has paid, pursuant to voluntary stipulation, the sum of $350.00 per month as temporary alimony and child support.
According to the financial affidavit filed by appellant he enjoyed a gross monthly income of $1,292.00, including pay from his state job, dividends and interest. He owned real and personal property which had been given to him by his parents prior to the separation of the parties valued at $218,700.00. Although the respondent wife was unemployed at the time of the dissolution of the marriage, she had been regularly employed as a physical therapist from 1958 until 1970, her earnings at her last place of employment having been $480.00 per month "take-home pay". She had $1,600.00 cash in her savings account and testified to current need of $1,270.00 per month. She further testified that she was experiencing some difficulty in finding employment because of the current economic recession.
The final judgment awarded custody of the minor child to the respondent, required appellant to pay $150.00 per month support and maintenance for the child until she reached her twelfth birthday at which time the support payments are to automatically increase to $225.00 per month. In addition, appellant was ordered to maintain the child as a beneficiary on his hospital and medical insurance program and to pay all reasonable dental expenses. All personal property owned by the parties in New Orleans, Louisiana was awarded to the respondent and appellant was required to pay to her $30,000.00 as lump sum rehabilitative alimony. He was further required to pay her attorney's fees.
Appellant does not question any of the provisions of the final judgment except the award of $30,000.00 rehabilitative alimony. In that regard he contends that the record does not furnish a foundation for rehabilitative alimony and that even if it does the amount awarded was grossly excessive. We agree.
In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature.[1]
Rehabilitative alimony means that amount of money or other thing of value reasonably necessary to supplement means already available from earnings, accumulations or otherwise, reasonably required during the post-marriage period to maintain the recipient until he or she is, in the exercise of reasonable efforts and endeavors, in a position of self support.[2]
Rehabilitative alimony has also been defined to mean alimony paid for the purpose of rehabilitating the spouse to whom it is awarded, such as, financially supporting an ill spouse until his or her health is restored, or financially supporting a spouse until he or she can be trained for employment, or in some circumstances, until the spouse has a reasonable time to recover from the trauma of the dissolution.[3]
Our sister court of the Second District has defined rehabilitative alimony as that sum necessary to assist a divorced person in regaining a useful and constructive role in society through vocational or therapeutic training or retraining, and for the further purpose of preventing financial hardship on society or the individual during the rehabilitative process.[4] An award of rehabilitative alimony must have some relationship to rehabilitation.
*801 The record in the case sub judice is absolutely void of any evidence justifying, under any of the definitions above given, lump sum rehabilitative alimony in the sum of $30,000.00. The record is equally devoid of any evidence to justify application of the principles announced in Ruhnau v. Ruhnau, Fla.App. 1st 1974, 299 So.2d 61 or Brown v. Brown, supra. Neither are we here concerned with any claimed special equities.
We have not overlooked the recent pronouncement of the Supreme Court of Florida in Keller v. Keller, Sup.Ct.Fla., 308 So.2d 106, opinion filed December 4, 1974. The ultimate holding in that case can only be gleaned from the cases therein cited. In Calligarich v. Calligarich, Fla.App. 4th 1971, 256 So.2d 60, the court said: "The wife's need and the husband's ability are still the correct equation to follow."[5] In Firestone v. Firestone[6] the Supreme Court stated that the primary criteria to be used in establishing the amount of alimony is the husband's ability to pay and the needs of the wife, taking into consideration the standard of living shared by the parties to the marriage. In Dash v. Dash[7] the evidence revealed that the wife, in her fifties, was suffering from cancer.
In contrast, in the case sub judice, the wife is a trained physical therapist and will not require retraining or further education to pursue her chosen field. The parties have been separated for more than two and one-half years during which time the wife has been receiving monthly support from her husband. The need for any psychiatric help for any temporary depression resulting from the breakup of the family has long since disappeared.
Had the evidence established a need for an anticipated reasonable period of time for rehabilitation and had there been such an award we would not be inclined to disturb same.[8] But such are not the facts revealed by the record nor are they the provisions of the final judgment here appealed.
That portion of the final judgment awarding $30,000.00 rehabilitative alimony is reversed.
Appellee has filed a motion for attorney's fees incident to this appeal. That motion is denied.
MILLS, J., concurs.
McCORD, J., dissents.
McCORD, Judge (dissenting).
While I consider the award of $30,000 rehabilitative alimony as somewhat excessive, it is my view that appellee is entitled to a reasonable amount of lump sum alimony or periodic rehabilitative alimony. There is a large disparity in the present earning ability of the parties. As pointed out in the above opinion, appellee is unemployed and is experiencing difficulty in finding employment because of the current economic recession. In addition, appellant owns real and personal property valued at $218,700, and can well afford to give financial assistance to appellee.
NOTES
[1] F.S. 61.08.
[2] See Primato v. Primato, Fla.App. 3rd 1973, 274 So.2d 568 and dissenting opinion in Brown v. Brown, Fla.App. 1st 1974, 300 So.2d 719.
[3] See Special Concurring opinion in Brown v. Brown, supra.
[4] Mertz v. Mertz, Fla.App. 2nd 1973, 287 So.2d 691.
[5] Emphasis added.
[6] Sup.Ct.Fla. 1972, 263 So.2d 223.
[7] Fla.App. 3rd 1973, 284 So.2d 407.
[8] Please see Ruhnau v. Ruhnau, supra, and the cases therein cited.