328 So.2d 484 (1976)
Walter Livermore NORTON, Appellant,
v.
Edna Irene Grabiak NORTON, Appellee.
No. W-393.
District Court of Appeal of Florida, First District.
March 19, 1976.
*485 John M. Cain, Orlando, for appellant.
James N. Davis, Foxman, Woerner & Davis, South Daytona, for appellee.
BOYER, Chief Judge.
Appellant raises several issues for our consideration, all pertaining to a thoroughly litigated dissolution of marriage action. According to appellant, the trial court erred in the type and amount of alimony awarded to appellee, in granting appellee one-half interest in real property solely owned by appellant, in ordering appellee to pay attorney's fees to appellee's attorney, and in granting custody of the parties' three minor children to appellee.
While the testimony was conflicting on virtually every material issue, a few uncontradicted facts did emerge. The parties, married in 1957, produced three children: Brook (14), Adrienne (9), and Bruce (8). Appellant is a medical doctor specializing in internal medicine and, until 1971, did not engage in private practice but engaged in the teaching and research of medicine. His highest income before taxes as a medical school teacher was $23,000. In the latter part of 1971, the parties moved to New Smyrna Beach where appellant set up his private practice. His income substantially increased as did the number of working hours. Except for one *486 weekend every month when appellant arranged for a doctor from the University of Florida to take care of his practice, appellant was on call seven days a week, 24 hours a day.
Appellee acquired her Bachelor of Science degree with majors in mathematics and biology in 1953. She was employed by the U.S. Government and General Electric during the period between 1953 and 1958, but has not since utilized her college degree in any type of employment. She did develop and operate a riding stable in the period between 1961 and 1967, but this venture was not exceedingly profitable. Currently, appellee has no steady source of employment, although the record indicates that appellee has dabbled in the horse-selling business and has also apparently developed a technique for wagering on race horses. She suffers from a heart murmer which, even appellant admits, precludes her from passing a pre-employment physical examination.
After an initial separation and attempted reconciliation, the parties permanently separated in January of 1973. During their separations, appellant provided appellee and the children with $1,000 per month plus additional sums for miscellaneous expenses. The parties, after selling their home in Memphis, Tennessee, and their jointly owned stock, equally divided the proceeds. Appellant utilized his share to purchase some property in New Smyrna Beach in his name solely, although appellee in her deposition claimed that the down payment on the property was paid out of the parties' joint checking account. In the final judgment of dissolution of marriage, the trial court awarded appellee one-half interest in the real property purchased in appellant's name.
Appellant initially asserts that the lower court's award of $800 per month alimony for appellee is excessive. We observe that the award if generous. Were we sitting in the position of the trial judge, we would perhaps have not been so generous. However, the evidence is such that the award does not constitute an abuse of discretion, particularly in view of appellee's physical condition and appellant's favorable financial situation. We agree that appellant should not be compelled to sustain the tremendous workload which is indicated by the record. A spouse may not be required to work unusually long hours in order to earn an exorbitant income to support familial obligations. However, sub judice, the record reflects that appellant's working conditions have changed since the entry of the final judgment of dissolution in that appellant has apparently relocated, at least temporarily, in Saudi Arabia. If appellant does return to the world of academia, and thus a lower income, a timely request to the trial court for modification of the alimony award based upon a change of circumstances may well be appropriate.
In a further assault on the alimony award, appellant argues that the trial court should have provided that the alimony be rehabilitative in nature and terminate within a relatively short period of time. We held in Ruhnau v. Ruhnau, Fla.App. 1st 1974, 299 So.2d 61, that permanent alimony may be awarded under appropriate circumstances. It appears that our Ruhnau decision has been substantially followed. We recognize that an award of permanent alimony as distinguished from rehabilitative alimony might well encourage an extension of appellee's disability, but there has been no showing that the trial judge erred in finding that appellee does suffer from a physical disability. Nor was there a showing below that appellee is malingering, or, if her physical condition improves, that she will malinger. As we noted in Ruhnau, "permanent" does not mean "forever". Should appellee's physical condition improve to the point where she is capable of securing employment, application may be *487 made to the trial court for modification of the alimony award.
As to that portion of the final judgment which purported to award to appellee one-half interest in the New Smyrna Beach property solely owned by the husband, the trial court clearly erred. The husband purchased this property with monies derived from the sale of the parties' Memphis home and jointly owned stocks plus an additional $8,000 which he borrowed from his mother. Appellee did not establish a case of special equity, nor was she entitled to the property as alimony.
Appellant contends that the trial court erred in ordering him to pay $2,000 in attorney's fees to appellee's attorney. Apparently, there is no issue as to the amount awarded but solely as to who should pay it. After carefully examining the record, we feel that had the trial judge required appellee to pay part or all of her attorney's fees, he would have been justified. However, the state of the evidence is such that we cannot say that he abused his discretion in failing to do so.
Finally, appellant challenges the award of custody of the parties' three minor children to appellee. We have previously noted the conflicts in testimony on virtually every issue in this action. The custody issue is no exception. After examining the record, we are unable to conclude that the trial court abused its discretion in awarding custody of the children to appellee. (See Dinkel v. Dinkel, Sup.Ct. Fla. 1975, 322 So.2d 22)
Accordingly, the judgment below is affirmed with the exception of the trial court's award to appellee of one-half interest in the real property solely owned by appellant.
Affirmed in part, reversed in part.
RAWLS and McCORD, JJ., concur.