353 So.2d 103 (1977)
Henry Thomas MANNING, Appellant,
v.
Virginia Elnora MANNING, Appellee.
No. DD-458.
District Court of Appeal of Florida, First District.
October 24, 1977.
Rehearing Denied December 20, 1977.
*104 John Peter Kirtz, Jr., Pensacola, for appellant.
Louis K. Rosenbloum, of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellee.
PER CURIAM.
Appellant's appeal from the final judgment of dissolution is affirmed in all respects with the exception of that portion of the judgment allowing the wife permanent alimony. We note from the record that the parties were married for ten years prior to dissolution, and had two children, ages seven and nine. The wife was awarded custody of the children and the husband is directed to pay $110.00 per week for support of the two minor children. The wife is 29 years of age, in good health, and has a high school education. While she has not worked for some time because of her efforts in raising her children, she was employed for a while during the outset of the marriage as a cashier and store clerk. We are of the opinion the interests of the parties would be best served by the court considering an award of rehabilitative, as opposed to permanent, alimony. See Fitzwater v. Fitzwater, 296 So.2d 74 (Fla. 1st DCA 1974). This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
AFFIRMED IN PART AND REVERSED IN PART.
BOYER, Acting C.J., and MILLS and ERVIN, JJ., concur.

ON PETITION FOR REHEARING
BOYER, Acting Chief Judge.
Appellee has filed a petition for rehearing urging, inter alia, that by our *105 holding that on remand the trial court should consider an award of rehabilitative (as opposed to permanent alimony, we have apparently overlooked our own decision in Ruhnau v. Ruhnau, 299 So.2d 61 (Fla.1st DCA 1974). Appellee has apparently misunderstood our holdings in this case, in the Ruhnau case and other decisions relating to rehabilitative and permanent alimony. We have, indeed, commended the mother who has expressed a willingness and desire to fulfill that role rather than test her fortunes in the market place and social circuit. However, for clarification we reiterate that just as permanent does not necessarily mean forever (Ruhnau v. Ruhnau, supra) neither does rehabilitative necessarily mean temporary. Should a trial judge determine that a mother is discharging her responsibilities as such and that her "mothering responsibilities" prevent her from rehabilitating herself or substantially impede her progress to that end, then there is nothing to prohibit the trial judge from awarding rehabilitative alimony during such period although the period may encompass an extensive amount of time. However, when the mother role has terminated by virtue of maturity or independence of the children then the wife should, health and other factors permitting, make every effort to rehabilitate herself within a reasonable time thereafter and when she has done so the rehabilitative alimony should be discontinued. As in other forms of alimony, rehabilitative alimony may be modified from time to time upon a showing of change of circumstances; the needs and respective abilities being the guideposts for the exercise of judicial discretion. Any modification requested by the recipient must be sought prior to expiration of the period for which it was awarded. (Lee v. Lee, 309 So.2d 26 (Fla.2nd DCA 1975); Cann v. Cann, 334 So.2d 325 (Fla.1st DCA 1976)).
The petition for rehearing is denied.
MILLS and ERVIN, JJ., concur.