353 So.2d 572 (1977)
Loydean SMITHWICK, Appellant,
v.
Walter SMITHWICK, III, Appellee.
No. EE-56.
District Court of Appeal of Florida, First District.
December 6, 1977.
Opinion Modified, Rehearing Denied in Part and Granted in Part January 13, 1978.
*573 Gary C. Pajcic of Pajcic & Pajcic, Jacksonville, for appellant.
B. Thomas Whitefield, III and Gary B. Tullis of Ulmer, Murchison, Ashby & Ball, Jacksonville, for appellee.
McCORD, Chief Judge.
This appeal is from a final judgment of dissolution of marriage. The parties were married in 1961, the year when appellee began medical school. He graduated four years later, and during that time, appellant contributed all of her salary as an x-ray technician to their support. After medical school, appellee interned and then served in the Army until 1974. By then, the parties had three children. During this period, after the birth of their first child, appellant devoted her full time to being a wife and mother while appellee pursued his career. In 1974, appellee entered private practice with a Jacksonville firm of doctors as a thoracic and cardiovascular surgeon where his net income from the firm for his first year was $236,890.
In addition to property settlement, the trial court awarded appellant rehabilitative alimony in the amount of $1,200 per month to be reviewed by the court after one year to determine whether or not it should be continued, and if so, whether it should be increased, reduced, or should remain the same. The court also awarded child support for the three minor children. No question is raised on appeal as to child support or as to the amount of alimony, but appellant contends that the alimony awarded should have been permanent alimony rather than rehabilitative alimony. She testified below that since she had been in the home for over 10 years, it would be necessary that she be retrained before she would be employable and even then that she would make only $9,000 a year. She testified that she preferred to devote full time to the role of mother and homemaker for the three children as she had done since the birth of the first child. Appellee contended that she was fully employable and should seek employment.
We find no error in the trial court categorizing the alimony award as rehabilitative rather than permanent. It appears from the evidence that appellant would be employable as an x-ray technician after a period of refresher training. However, appellee now has very high earnings and earning capacity as a cardiovascular surgeon, a status which he has attained through the joint efforts of himself and appellant; and since the birth of their first child, appellant's full time has been devoted to being a mother to the three children and a wife to appellee. In view of these facts, appellant should not now be forced to dilute her attention to the children by finding employment. Compare Brown v. Brown, 300 So.2d 719 (Fla. 1 DCA 1974). Appellee unquestionably has the financial ability to pay the alimony awarded without any degree of strain. On the other hand, at appellant's present age (approximately 38 years), appellee should not be required to support her for the balance of her life. She should, however, be adequately supported by him during the period of the minority of the children and during a reasonable rehabilitative period thereafter, and she should not live under the uncertainty of an automatic reappraisal of the alimony during such period. As aforesaid, we find no error in categorizing the alimony as rehabilitative, but we do find it was an abuse of discretion under the facts shown by the record for the trial court to order a review of the alimony one year after the final judgment. The final judgment should direct that the alimony will not be reduced prior to the youngest child reaching the age of his majority and *574 such reasonable time thereafter as may be necessary for appellant to rehabilitate herself for employment, in the absence of a future showing by appellee on a petition for modification filed by him that he is unable to make alimony payments in the amount awarded or upon a showing of a change of circumstances which would justify a reduction in alimony.
We have considered the other points raised by appellant and find them to be without merit.
Affirmed in part and reversed in part and remanded with directions to modify the final judgment consistent with this opinion.
SMITH and MELVIN, JJ., concur.