354 So.2d 464 (1978)
Bruce Eugene WALTON, Appellant,
v.
Katherine Elizabeth Macdonald WALTON, Appellee.
No. EE-453.
District Court of Appeal of Florida, First District.
January 31, 1978.
*465 S. David Cox, Gainesville, and Tom B. Stewart, Jr., Jacksonville, for appellant.
Albert J. Datz of Datz, Jacobson & Lembcke, Jacksonville, for appellee.
MELVIN, Judge.
Appellant-husband seeks reversal of that provision in the final judgment of dissolution of marriage wherein the appellee-wife was awarded the sum of $900 per month as permanent alimony.
The sole point on appeal is whether the trial court abused its discretion in allowing permanent alimony. The appellant-husband recognizes the entitlement of the appellee-wife to a sum of money as monthly alimony. He does not challenge the amount of the award as fixed by the trial court. His sole challenge is directed to the provision that the alimony is permanent alimony.
The marriage dissolved was one of eight and one-half years duration. To this marriage, three children were born, ages 7 years, 5 years, and 10 months. The husband is a successful plastic surgeon, 46 years of age. He has been practicing his profession since 1965. His annual income from his practice is in the six figure range.
The appellee-wife had completed undergraduate studies and lacked some credits to complete her Masters program. It was her testimony that because of the passage of time she could not now receive credit toward the Masters degree for some of the hour credits previously earned in that educational effort. She testified that her main ambition was to remain at home with the children and to provide for them the proper home life and guidance that she, as the mother, feels that they should receive during the years of their youth.
*466 The record reflects evidence to the effect that she could possibly earn between $450 to $550 per month in clerical work, or that she might obtain employment as a waitress for which she could expect payment in the range of $100 to $120 per week. She is in good health and is physically able to perform in the labor market either at the secretarial level or comparable employment. Further, there is evidence that she could qualify for civil service employment with a compensation beginning at $8,500 per year.
In a capsule, it is the position of the appellant-husband that the appellee-wife, having good health and being a person with a college degree in political science, is capable of being rehabilitated and making her own way within some predictable future date, and that he should not be required to continue to pay alimony to her beyond what would be determined to be a reasonable period for her economic rehabilitation.
It was the view of the appellee-wife that her time could be best invested by remaining at home and providing a wholesome home life for the children until they had finished high school. That these children need, as do all children, the benefit of such love, affection and attention cannot, in reason, be brought into debate. The trial court, pursuant to the provisions of Section 61.08, Florida Statutes, has the discretion within reasonable bounds to determine alimony for a spouse, the amount of alimony and whether such alimony shall be rehabilitative or permanent in nature.
In Smithwick v. Smithwick, 353 So.2d 572 (Fla. 1st DCA 1977), Opinion filed December 6, 1977, not yet reported, this Court reviewed an allowance of rehabilitative alimony. Upon review of such question, it is not the function of this Court to substitute its judgment for the reasonable exercise of discretion by the trial court when the same is amply supported by the testimony presented. In Smithwick, we held that the award of rehabilitative alimony should be sustained. We concluded, however, that the trial court was in error by limiting the alimony to a period of one year at which time the court would then review the need of the former wife to continue receiving the same. This Court held that, under the circumstances of that case, the burden should not be with the mother to affirmatively establish that during the preceding 12 months she had made every reasonable effort to find employment. Further, we held that until the children had reached the age of 18 years, the rehabilitative alimony should continue and, upon the youngest child having obtained such age and for a reasonable period thereafter, such rehabilitative alimony should be paid, thereafter to cease.
The question of whether or not the discretion of the court would be exercised in the field of rehabilitative alimony, as distinguished from permanent alimony, was and is within the jurisdiction of the trial court to determine, based upon the evidence presented as to need and ability to provide for such need, subject to review for any alleged abuse of such discretion. The court, in the judgment now reviewed, exercised its discretion based upon ample testimony in awarding permanent alimony to the appellee-wife based upon her need and the appellant-husband's ability to pay. The legislature, in its wisdom, included in Section 61.08, Florida Statutes, authority to grant, in appropriate cases, permanent alimony. It is not the function of this Court to write with a legislative pen and attempt to amend or abrogate such statute and the court has never intended so to do.
Where the custodial parent of a child is willing to remain in the home and make a home for children of tender years, extending by precept and example the guidance so vitally needed in the early and teen years of their lives, the court is justified in awarding to such parent, permanent alimony to be paid by the other parent based upon need and ability to pay. What we write here is applicable equally to a mother and wife or to a father and husband, where he or she has been awarded the custody of the children, has a need for financial assistance, and the person not having such custody is financially able to pay reasonable alimony as well as child support. Such allowance *467 of permanent alimony may, in such circumstances as here presented, be favorably considered by the trial court. We refer to the opinion of this Court in Ruhnau v. Ruhnau, 299 So.2d 61 (Fla. 1st DCA 1974), wherein we said:
"We also point out that the word `permanent' is not necessarily synonymous with the word `forever'. Change of circumstances, including ability of self-support after children are `grown and gone' clearly justifies, depending upon the circumstances of each case, modification of alimony judgments (Florida Statute 61.14)."
The judgment of the trial court granting permanent alimony is amply sustained by the record. It reflects a reasonable exercise of discretion by the court, and is therefore
AFFIRMED.
McCORD, C.J., concurs.
BOYER, J., concurs specially.
BOYER, Judge, concurring specially.
I concur in the result reached and the reasoning therefor. However I think it important that it be noted that my concurrence is based upon appellee's assertion that she is ready, willing, able and anxious to discharge her mothering responsibilities. (See Manning v. Manning, 353 So.2d 103 (Fla. 1st DCA 1977), Opinion filed December 20, 1977; McBride v. McBride, 352 So.2d 1254 (Fla. 1st DCA 1977), Opinion filed December 15, 1977; Ruhnau v. Ruhnau, 299 So.2d 61 (Fla. 1st DCA 1974 and Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976)). Should the evidence reveal, upon future motion for modification or termination of alimony, that appellee has decided to substitute the social circuit of her mothering responsibilities then, in my view, such would constitute sufficient change in circumstances to justify granting of such a motion.