BOYER, Judge,
concurring in part and dissenting in part.
We are here again called upon to determine the propriety of an award of permanent alimony in a final judgment of dissolution of marriage. The evidence adduced in the trial court was lengthy and contradictory. It is clear, however, that the marriage was two months shy of five years; that it was the second marriage for the husband and the third for the wife; that no children were born as a result of that marriage; that the wife was employed in a supervisory position prior to the marriage and worked in the husband’s business throughout the marriage and that although she had suffered a severe weight loss and stomach disorder during the separation preceding the dissolution her physician testified that while she would not be able to be employed for approximately two months following the dissolution, she could “probably” return to employment after her weight had stabilized and treatment for a recently discovered diabetic condition could be established.
The trial judge made an equitable division of the assets of the parties and, in addition, ordered the husband, appellant, to pay to the wife permanent periodic alimony in the amount of $500.00 per month plus rehabilitative alimony in the amount of $500.00 per month for one year. He also required the husband to pay the wife’s attorney’s fees and costs incident to the dissolution proceeding.
The purpose of, and difference between, permanent and rehabilitative alimony has been often discussed by this and other courts and no useful purpose will be served by repetition here. In my view, however, the principles announced in Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976) are controlling here. We should accordingly hold, as we did there, that the facts of this case do not justify an award of permanent alimony. I have not overlooked our holding in Ruhnau v. Ruhnau, 299 So.2d 61 (Fla. 1st DCA 1974), that permanent does not necessarily mean forever, nor our holding in *899 Manning v. Manning, 353 So.2d 103 (Fla. 1st DCA 1977) that rehabilitative does not necessarily mean temporary. However, as we pointed out in Cann v. Cann, supra, a significant distinction between rehabilitative alimony and permanent alimony relates to the manner by which it' may be terminated. Rehabilitative alimony automatically terminates by expiration of the period fixed in the final judgment or by such subsequent order as may modify the period, whereas permanent alimony may be terminated only upon proof of a substantial change in circumstances.
Although I would hold that the facts of this case do not warrant an award of permanent alimony I would not, on the state of the record before us, determine either the amount or period of rehabilitative alimony, but would instead remand to the trial court for that determination.
Nor does the record sustain, in my view, an award of attorney’s fees for the wife’s attorneys. (See Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977) and Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977).
In all other respects I concur in affirmance.
I would also deny the wife’s application for attorney’s fees incident to this appeal.