363 So.2d 137 (1978)
Marjorie L. HALL, Appellant,
v.
Michael G. HALL, Appellee.
No. 77-626.
District Court of Appeal of Florida, Second District.
September 8, 1978.
Rehearing Denied October 13, 1978.
*138 Frank A. McClung, Brooksville, and Carl G. Rassler, Tampa, for appellant.
Wayne O. Smith of Leavengood, Wallace & Smith, St. Petersburg, for appellee.
DANAHY, Judge.
In this dissolution of marriage proceeding initiated by the husband, the wife contends that the awards of child support and alimony were so inadequate as to constitute an abuse of discretion. We agree.
The parties were married in 1962 when the husband was still in medical school in New Jersey. Until their first child was born, the wife worked in that state as a physical education teacher helping to put the husband through medical school. She has not worked since then, the parties having chosen to have her keep up their home and rear their two children, now 13 and 11 years of age.
*139 Her desire is to continue fulltime in her primary responsibilities of homemaking and child guidance until the children reach their majority. She is 38 years of age and holds a college degree in physical education. She is, however, not certified to teach in Florida and to secure such a certificate would have to be away from the children and commute from Brooksville to either Gainesville or Tampa for retraining at a university in one of those communities. She has no outside income and her assets are insignificant.
The husband has been a medical doctor for eight years and has a successful medical practice in Brooksville. He and two other physicians own Brooksville Medical Center in that community. Although the wife holds no interest in that property, she remains jointly liable with the husband on notes and mortgages totaling the sum of $155,000.
In the final judgment, the trial court divided a small amount of jointly owned real property and stock between the parties; granted the wife possession of the parties' modest home and ordered the husband to pay monthly home mortgage payments, taxes and insurance in the amount of $176.10 during the minority of the children while they are in the custody of the wife; ordered the husband to pay some of the wife's attorneys' fees; awarded the wife $600 per month child support; and awarded her $300 per month rehabilitative alimony for three years, presumably to enable the wife to obtain a Florida teaching certificate so as to try to obtain employment in the Hernando County school system.
The wife's detailed financial affidavit introduced into evidence, without objection or refutation, establishes combined expenses for herself and the children of $2,419 per month to maintain the standard of living enjoyed by them during the marriage of the parties. During the last few years the parties lived together, the husband provided $1,700 per month to run the household and in addition paid various other expenses including house repairs, family vacations, country club expenses, and mortgage, taxes and insurance on the house. After the husband left home and during the one-year pendency of this action, he contributed $1,400 per month toward household expenses and also paid the house mortgage, taxes and insurance and certain other bills which totaled about $250 per month.
At trial the husband professed a general inability to pay a combined amount of alimony and child support in excess of $1,000 per month. The evidence submitted to the trial judge shows that the husband's taxable income from his medical practice over the past three years ranged from $60,000 to $70,000 per year. His financial affidavit lists only common personal expenses and he testified to no other significant expenses. He has been paying generous sums into his Keough retirement plan and in the year prior to the final judgment, his contribution to that account was between $6,500 and $7,500. There is nothing in this record to indicate he is not able to pay substantially more child support and alimony than that ordered by the trial court.
When considering the question of alimony, the primary criteria to be used by the trial judge in his determination of the award are the husband's ability to pay and the needs of the wife, taking into consideration their shared standard of living during the marriage. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976).[1] Under the final judgment in the case at bar, the wife and children are compelled to live on an amount which is less than one-half the amount shown by the wife to be necessary to maintain the shared standard of living of the family which was established by the husband. The amount she will receive under the judgment does not even include any additional expenses which she would incur in travel and educational expenses should she attempt to attain *140 a Florida teaching certificate. Because of her demonstrated need for more money to maintain a standard of living reasonably commensurate with that established by him and shared by the parties during the marriage, and his clear ability to pay more, her income from alimony, when combined with the award of child support, is so inadequate as to constitute a clear showing of abuse of discretion.
While we do not purport to tell the trial court what amount the husband should reasonably pay or how that amount should reasonably be distributed between child support and alimony, we do say that when the trial court refashions the awards hereafter, the combined amount should be no less than the $1,700 per month which the husband has contributed over the past several years of this marriage, in addition to the mortgage payments, taxes and insurance on the home of the parties.
The wife also contends that she should continue to remain at home with the children, particularly as they enter the important and formative years of their teens. She argues that this would continue the custom and plan established by the parties after the birth of their first child. Because this is so, she argues that the form of alimony should be permanent rather than rehabilitative and that in any event, a period of three years is unreasonable. Had the trial judge who heard the parties' testimony and who considered all aspects of this case granted permanent alimony, we do not believe he would have been unreasonable in doing so. Walton v. Walton, 354 So.2d 464 (Fla. 1st DCA 1978). And had any one of us been sitting as a trier of fact, we may well have granted permanent alimony. But that is not the test on appeal and we may not substitute our judgment for that of the trial judge, absent a clear showing of abuse of his discretion.
An award of rehabilitative as opposed to permanent alimony, of course, presupposes a potential for self-support. Reback v. Reback, 296 So.2d 541 (Fla. 3d DCA 1974). The wife here is 38 years of age, in good health and, though not certified in Florida, holds a teaching degree which she utilized for a brief period prior to the birth of the parties' first child. The trial judge correctly perceived the potential for her attaining a Florida teaching certificate through further educational effort and subsequent employment at some future time. After a period of retraining, then, her capacity for employment supports the use of the rehabilitative form of alimony to sustain her until that time when she can contribute toward providing a part if not all of the sums necessary to maintain a standard of living reasonably commensurate with that established by the husband during the marriage.
Having decided that the use of rehabilitative alimony was appropriate in this case, we do agree with the wife that a fixed period of three years at which time the door will slam shut constitutes an abuse of discretion under the facts on this record. The final judgment should direct that rehabilitative alimony will continue during the minority of the children and during a reasonable rehabilitation period thereafter. Thirteen years ago the parties felt it important that the wife remain at home to rear and guide these children. While there is no reason for the husband to support her for the rest of her life, we think the decision of these parents to provide these children with their mother's full attention over the years should not be changed solely because their father now decides he wants to dissolve his marriage to their mother. Smithwick v. Smithwick, 353 So.2d 572 (Fla. 1st DCA 1977).
Finally, the wife asks us to reverse because the judgment failed to award her the husband's interest in their home as lump sum alimony and because the judgment awarded her an insufficient amount of attorneys' fees and costs. On the latter point, the husband says it was error to order him to pay any of the wife's attorneys' fees. We reject these arguments and find no abuse of discretion by the trial judge in his treatment of these provisions of the final judgment.
*141 Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] We note that, although not applicable to this case, Ch. 78-339, Laws of Florida, which became effective June 19, 1978, lists specific factors which must be considered in determining an award of alimony. All of these factors have been taken into consideration in this case in applying the criteria set forth in Sisson v. Sisson.