390 So.2d 81 (1980)
Jack E. DOMINIK, Appellant,
v.
Rolla E. DOMINIK, Appellee.
No. 79-1498.
District Court of Appeal of Florida, Third District.
October 21, 1980.
Rehearing Denied December 8, 1980.
*82 John E. Kearns, Miami, Fla., for appellant.
Gold & Fox and Myron M. Gold, Coral Gables, for appellee.
Before HUBBART, C.J., BASKIN, J., and PEARSON, TILLMAN (Ret.), Associate Judge.
BASKIN, Judge.
In this appeal from a final judgment dissolving their marriage, the husband contests the award of rehabilitative alimony, attorney's fees and the use of the marital residence to the wife. The wife cross-appeals provisions of the final judgment pertaining to interest on mortgage payments, sale of the home and cessation of alimony. We agree with the contentions advanced by the wife.
Rolla Dominik, a forty year old college educated Canadian citizen, sought a dissolution of her marriage to a fifty-five year old patent attorney. Their thirteen year marriage produced three children. The wife, a homemaker, assisted her husband in his law office as a bookkeeper and receptionist and was an officer in his professional association. The husband is a patent attorney, and at the time of the dissolution, his net worth exceeded $400,000 from his law practice, stock, and properties. The gross annual income of his law practice was about $250,000. The wife's assets exceeded $100,000 consisting of cash, real estate, and securities largely supplied by her husband.
The judgment granting dissolution ordered the husband to pay his wife rehabilitative *83 alimony of $1,500 per month until June 30, 1981, and $1,200 per month until June 1, 1989. This obligation was to terminate if the wife cohabited with another adult. The court found the wife to be "presently employable," except for the limitations upon her activities imposed by her caring for her children, and found that she could become fully employed when her youngest child reached school age. The husband was ordered to pay monthly child support payments of $300 per child and the wife was awarded use of the marital home during her children's minority. The marital home was ordered to be sold when the youngest child reached majority, or if the wife remarried, or if the home were occupied by a person other than the wife and children, with the wife to receive credit for half the mortgage principal payments, taxes and insurance. Major repairs on the home were to be the husband's obligation.
The court later determined that a reasonable fee for the wife's attorney was $10,000 of which the husband was ordered to contribute $5,000.
The first objection by the husband is to the determination by the trial court that the wife was entitled to periodic, rehabilitative alimony for a period of ten years.[1] The husband claims that since the trial court found that the wife would become fully employable and capable of earning $800 per month when her youngest child reached school age (an event which occurred about six months after entry of final judgment), an award of rehabilitative alimony was inappropriate. The trial court also found, however, that "due to the age of her children, [the wife] could not reasonably be expected to maintain a full-time job" and that the wife is "presently employable but for the limitations imposed by caring for her children." For these reasons, and despite the husband's objections, we find no abuse of discretion on the part of the trial court.
It appears from the final judgment that the trial judge determined that the wife was discharging her responsibilities as a mother and that those responsibilities prevented her from seeking employment outside the home. The need for rehabilitative alimony in such situations is well recognized, and the courts generally agree that the period for payment of this type of alimony may encompass a protracted length of time. Hall v. Hall, 363 So.2d 137 (Fla. 2d DCA 1978); Smithwick v. Smithwick, 353 So.2d 572 (Fla. 1st DCA 1977); and Manning v. Manning, 353 So.2d 103 (Fla. 1st DCA 1977). See Robinson v. Robinson, 366 So.2d 1210 (Fla. 1st DCA 1979).
The husband belatedly asserts that the awards of alimony and child support exceed the amount listed as necessary on the wife's financial statement. Even if this issue were properly before the court, we would find no error since there has been no showing that the trial court abused its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Next, the husband challenges the trial court's order that determined that a reasonable fee for the wife's counsel was $10,000 and ordered the husband to contribute $5,000 toward that sum. The husband argues first that the wife was capable of paying her own fees and next that the lower court erred in setting the fee at $10,000 when the bill, under the fee agreement between the wife and her counsel, sought only $5,300.
In response to the first argument propounded, we find no abuse of discretion even though the wife has displayed some ability to pay. "[T]he purpose of section 61.16, Florida Statutes, was to ensure that both parties will have similar ability to secure competent legal counsel... . It is not necessary that one spouse be completely unable to pay attorney's fees in order for *84 the trial court to require the other spouse to pay these fees." Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1978).
Turning to the husband's second argument, we find no error in the amount of fees awarded. The record on appeal originally lacked a transcript of the hearing concerning attorney's fees, but was supplemented pursuant to this court's direction and Florida Rule of Appellate Procedure 9.200(f). The record supports the award as within the discretion of the trial court. Dash v. Dash, 363 So.2d 48 (Fla. 3d DCA 1978).
The question concerning the length of time the wife was entitled to possession of the marital residence was addressed by the court in Duncan v. Duncan, 379 So.2d 949 (Fla. 1980). In that case, the court decided that a grant of exclusive possession of property must serve a special purpose and that aid to a spouse with custody of minor children was a proper example of a special purpose. The court expressly rejected the limitation of terminating the award when all children reached their majority. The court noted, however, that an award of exclusive use of the property "must be determined by the equity of the cause and should be for a specified period. It is always subject to modification whenever there is a change of circumstances." Based on the foregoing decision, we find that the award of exclusive possession of the residence, considered with other support provisions, was within the discretion of the trial court as were the rulings concerning repairs. The court properly permitted the wife credit for half the mortgage principal payments, taxes, and insurance upon sale of the residence, but we construe the court's ruling to include credit to the wife for half the interest paid as well and to credit the husband for repairs to the home upon sale. Rutkin v. Rutkin, 345 So.2d 400 (Fla. 3d DCA 1977); Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976); and Guthrie v. Guthrie, 315 So.2d 498 (Fla. 4th DCA 1975).
On her cross-appeal, the wife alleges the court erred in requiring the marital residence to be sold if it were occupied "on a permanent basis by any person other than the wife and the minor children." We find this provision to be vague and ambiguous since it is impossible to determine whether it applies when the wife moves out or only when another person moves in. As the provision now stands, it would exclude residence by a housekeeper or relative. We, therefore, reverse this ruling and remand for further expression by the court. Accord Whiteley v. Whiteley, supra.
We also find error in the court relieving the husband of his obligation to pay rehabilitative alimony upon "cohabitation of the wife with another adult." Sheffield v. Sheffield, 310 So.2d 410 (Fla. 3d DCA 1975).
For these reasons, the decision of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings in accordance with this opinion.
NOTES
[1] The trial court did not abuse its discretion in awarding rehabilitative alimony instead of permanent alimony even though it appears from the record that the wife may be incapable of ever maintaining herself at the standard of living to which she had become accustomed. If time reveals this to be the situation, the wife has the option of seeking an appropriate, timely modification. Markgraf v. Markgraf, 320 So.2d 27 (Fla. 2d DCA 1975).