NESBITT, Judge
(dissenting):
With the incantation of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), the majority permits the husband to be stripped of his undivided one-half interest in the sole asset accumulated by the parties during their marriage. The majority has given the reverse application to the equalization test announced in Canakaris, supra.
At the time of the final dissolution, this was a nineteen-year marriage with three children. By the final judgment of dissolution, the husband was required to pay $45 per week per child for the support of the minors, one of which had already attained his majority at the time the case was orally argued. This is a typical American family and a typical tragedy. Both parties are in good heálth and in their early forties. The wife worked outside the home to assist the husband in acquiring a higher education; the husband contributed to the wife’s support when she too acquired a higher education. Both are in the school system with the husband earning $31,500 as an administrator; and it was agreed at oral argument that the wife’s salary as a teacher reached $18,500. Because of the superior earning power of the husband, he was properly required to pay the wife’s attorney’s fees. Canakaris, supra, at 1205; Dominik v. Dominik, 390 So.2d 81 (Fla.3d DCA 1980).
During their marriage, the parties purchased one residence, lived in it, enhanced its value, and then transferred the assets to the present home, which was appraised at $144,000 with an equity of $90,000. By the terms of the final decree, the husband was required to quit-claim his one-half interest in the home to the wife. Other than an automobile, it is undisputed that he has virtually no other assets except his earning capacity.
Under these circumstances, the trial court’s decision to strip the husband of his undivided one-half interest in the sole asset acquired by the parties during their marriage is a clear abuse of discretion. In Canakaris, supra, Justice Overton wrote:
We recognize that a trial court need not equalize the financial position of the parties. However, a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be “shortchanged.”
382 So.2d at 1204.
Under Canakaris, supra, the case should be remanded to the trial court for a determination as to the portion of the equity in the home to which the wife is entitled because of the contribution she made by putting her husband through school. Furthermore, the wife should be awarded full use *744 and occupancy of the home until the youngest child attains its majority, after which the parties would be free to sell the home or force the partition thereof. By this distribution, no one could seriously suggest that either party would pass from prosperity to misfortune or be “shortchanged.” Surely then, it was an abuse of the trial court’s discretion to award the wife the husband’s undivided one-half interest in the home, which interest was worth at least $45,000.
I would affirm that portion of the order that required the husband to pay the wife’s attorney’s fees but otherwise reverse with directions as I have indicated.