277 So.2d 583 (1973)
Manly W. THIGPEN, Appellant,
v.
Margaret R. THIGPEN, Appellee.
No. R-471.
District Court of Appeal of Florida, First District.
May 10, 1973.
Rehearing Denied June 7, 1973.
*584 Grover C. Robinson, Jr., of Robinson & Robinson, Pensacola, for appellant.
David H. Levin, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellee.
WIGGINTON, Judge.
This appeal is from a final judgment dissolving the marriage heretofore existing between the parties herein. The sole point in issue challenges the correctness of the alimony award made to appellee-wife by the judgment appealed.
The facts are not in material dispute. The parties herein were married to each other on August 23, 1947, and lived together as husband and wife for approximately 24 years except for a one-year separation which occurred about five years before the final separation in 1971. Appellee is a high school graduate who was working regularly at gainful employment at the time of the marriage. She continued to work regularly for approximately eight months thereafter when she resigned in order to birth their baby. After the child was old enough to attend kindergarten, appellee resumed employment in an automobile sales business owned and operated by appellant-husband where she worked regularly for the next ensuing 15 years. During the period of this employment appellee became proficient as an office manager and worker in the automobile sales business.
At the time of judgment appellee was 49 years of age and appellant 48. Although appellee testified that she had no health problems, she did say she was then suffering from an allergy caused by use of cosmetics which affected her feet and prevented her from wearing dress shoes but not sandals or slides. At the time of trial she was being treated by a physician for this allergy as well as for nervousness induced by the pending dissolution proceeding.
During the period of this marriage the parties accumulated an estate consisting of cash, real estate, personal property, shares of corporate stock, and undivided interests in a dormant corporation. By the final judgment the estate was divided equally between the parties, appellee's portion consisting of the marital home and furnishings having an equity value of $22,000.00 subject to an outstanding mortgage of $16,000.00; the sum of $8,750.00 cash; automobile valued at $2,000.00; corporate stock valued at $13,300.00; and, the sole beneficial interest in life insurance policies on appellant's life having a face value of $40,000.00, the premiums on which appellant was ordered to pay and maintain in a current status.
*585 The undisputed evidence reveals that at the time of judgment appellant-husband was and had been for some months prior thereto employed as an automobile salesman earning an average net take-home pay of approximately $750.00 monthly. During the same period of time appellee-wife was unemployed although on two separate occasions she had declined the opportunity of employment because of the allergy from which she was suffering. At final hearing appellant testified that since bringing this action he had concluded that it was a mistake to have done so because the marriage of the parties was not irretrievably broken and he felt that the differences which had arisen could be reconciled. Appellee, who had counterclaimed for dissolution of the marriage, disputed appellant's conclusion and insisted that the marriage was indeed irretrievably broken and could not be repaired. The only child of the parties is a married adult not dependent on her parents for support. Upon consideration of the foregoing facts, the trial court dissolved the marriage and awarded permanent alimony to appellee-wife in the amount of $450.00 monthly. It is this award which forms the focal point of this appeal.
We have carefully considered the pertinent evidence contained in the record but fail to find any reasonable basis on which the alimony award made to appellee can be sustained. The very heart of an alimony award is and always has been the need of the demanding spouse for support and the ability of the other spouse to respond. The new concept of the marriage relation implicit in the so-called "no fault" divorce law enacted by the legislature in 1971[1] places both parties to the marriage on a basis of complete equality as partners sharing equal rights and obligations in the marriage relationship and sharing equal burdens in the event of dissolution. In speaking of the wife's place in this new social order emanating from the generally accepted concept of equal rights for all regardless of sex, this court in the case of Beard v. Beard[2] said:
"... In this day and time, women are as well educated and trained in the arts, sciences, and professions as are their male counterparts. The law properly protects them in their right to independently acquire, encumber, accumulate, and alienate property at will. They now occupy a position of equal partners in the family relationship resulting from marriage, and more often than not contribute a full measure to the economic well-being of the family unit. Whether the marriage continues to exist or is severed through the device of judicial decree, the woman continues to be as fully equipped as the man to earn a living and provide for her essential needs. The fortuitous circumstance created by recitation of the marriage vows neither diminishes her capacity for self-support nor does it give her a vested right in her husband's earnings for the remainder of her life."
The foregoing pronouncement conforms to the philosophy previously expressed by the Supreme Court in Kahn v. Kahn[3] in which it is held:
"... Thus, in an era where the opportunities for self-support by the wife are so abundant, the fact that the marriage has been brought to an end because of the fault of the husband does not necessarily entitle the wife to be forever supported by a former husband who has little, if any, more economic advantages than she has. We do not construe the marriage status, once achieved, as conferring on the former wife of a ship-wrecked marriage the right to live a *586 life of veritable ease with no effort and little incentive on her part to apply such talent as she may possess to making her own way... ."
In Lefler v. Lefler[4] the Fourth District Court of Appeal pointed out that the new "no fault" divorce law made certain drastic changes in the heretofore established law of this jurisdiction by furnishing the basis for the husband to seek and obtain an award of alimony from his wife upon the dissolution of their marriage. In commenting upon the nature and purpose of alimony, the court said:
"... We have the view, however, that no matter which direction the flow of alimony may take, its basic nature and purpose remains the same as heretofore, i.e., to provide nourishment, sustenance and the necessities of life to a former spouse who has neither the resources nor ability to be self-sustaining. We expressly hold that just as heretofore the wife's entitlement to alimony depended upon a showing of her need and the husband's ability to pay, ..."
In the case sub judice appellee-wife is in good health and has a proven capacity to engage in responsible and gainful employment sufficient to provide for her own needs. The trial court has made a fair and equitable division of the assets accumulated by the parties during their marriage. From this apportionment appellee possesses sufficient funds to enable her to overcome the allergy from which she was suffering at the time of judgment and to reenter the employment market in some acceptable position. It is our conclusion, and we so hold, that the award of permanent alimony made to appellee constitutes an abuse of discretion under the facts and circumstances of this case and cannot be supported by applicable principles of law. The judgment appealed is reversed and the cause remanded with directions that an amended judgment be rendered consistent with the holding and views expressed herein.
Reversed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Chapter 71-241, Laws of 1971; F.S., Chapter 61, F.S.A.
[2] Beard v. Beard, (Fla.App. 1972) 262 So.2d 269, 272.
[3] Kahn v. Kahn, (Fla. 1955) 78 So.2d 367, 368.
[4] Lefler v. Lefler, (Fla.App. 1972) 264 So.2d 112, 113, 114; see also Heller v. Heller, (Fla. App. 1963) 151 So.2d 35.