283 So.2d 396 (1973)
Travis W. ROBERTS, Appellant,
v.
Nona Lee ROBERTS, Appellee.
No. S-158.
District Court of Appeal of Florida, First District.
October 9, 1973.
*397 Calvin W. Wilson, Pensacola, for appellant.
David H. Levin of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellee.
SPECTOR, Judge.
Appellant seeks reversal of a final judgment in a dissolution of marriage suit awarding his equity in the marital home to appellee, permanent alimony in the amount of $100.00 per month, and requiring him to retain her as beneficiary of his life insurance.
The facts revealed by this record show that the parties have been married since 1946. Two children are grown and gone. Appellant is a retired navy man. He acquired a small business with $1,500 borrowed by his wife from the credit union where she had worked for thirteen years earning $7,500.00 annually.
Several errors are urged as grounds for reversal. First, appellant contends it was error to award his equity in the marital home to appellee as lump sum alimony. No error is shown in that regard. The final judgment does not denominate the award of equity as lump sum alimony. Rather, the evidence in this record reveals that such award more likely amounts to a division of assets based upon equitable principles, since the equity in the home approximated the amount appellee borrowed from her credit union and furnished to appellant so that he could invest in the small business which the trial court awarded entirely to him.
The two remaining points raised by appellant have merit and require reversal in part. The first of these contends it was error to award the appellee wife $100.00 per month alimony when the record shows that appellant's ability to make such payments are no greater than appellee's ability to provide for herself. Appellant's earnings from his business and navy retirement pay combined are no greater than appellee's own earnings from her well established employment of thirteen years standing. In absence of evidence that the appellee cannot fulfill her own needs, there does not appear any basis for an award of alimony at this time under the new "no fault  no responsibility" divorce law recently enacted by the state legislature.
The public policy under the new law which the legislature passed and which therefore we must apply seems to be that if the spouse has the capacity to make her own way through the remainder of her life unassisted by the former husband, then the courts cannot require him to pay alimony other than for rehabilitative purposes.
While this new public policy does not conform to the "old fashioned" thinking that once prevailed in Florida, the only remedy available to those affronted by it is to seek relief from our "new fashioned" legislature.
Accordingly, we reverse the monthly alimony award with directions that the trial court retain jurisdiction for future award of alimony in the event future circumstances dictate such an award. See Beard v. Beard, 262 So.2d 269 (Fla.App. 1972); and Thigpen v. Thigpen, 277 So.2d 583 (Fla.App. 1973).
*398 The remaining issue deals with the lower court's order requiring appellant to retain appellee as beneficiary of his life insurance policy to secure the payment of alimony. Inasmuch as we hold that alimony is not warranted at this time, it follows that provisions contained in the judgment for securing the payment thereof are likewise unnecessary. Accordingly, that portion of the judgment is also reversed.
Affirmed in part and reversed in part.
WIGGINTON, Acting C.J., and JOHNSON, J., concur.