342 So.2d 1014 (1977)
Silas Ray CREES, Appellant,
v.
Mara King CREES, Appellee.
No. 76-205.
District Court of Appeal of Florida, Fourth District.
February 11, 1977.
*1015 Elting L. Storms of Storms, Pappas & Krasny, Melbourne, for appellant.
Kendall T. Moran, Titusville, for appellee.
JOANOS, JAMES E., Associate Judge.
Appellant husband, respondent in the trial court, appeals a final judgment of dissolution entered on December 1, 1975.
The parties were married on August 1, 1970. During their marriage they lived in separate households although the husband spent considerable time at the home of the wife and the wife spent some time at his home. The wife, during the marriage continued to reside with her mother as she had prior to the marriage. She lived there with the one child of the marriage and with her child of a former marriage.
At the time of the dissolution, the wife was 33 years of age. She was unemployed. She had been employed prior to the marriage and was offered a job two years prior to the dissolution. She testified that she did not accept the job because the husband would not permit it. During the marriage, the husband contributed regularly to the support of appellee. The evidence as to the husband's income was conflicting. In his direct testimony he stated that he was receiving $112.00 weekly and heavily indebted, however, cross examination reflected that he was current on a mortgage and an unsecured note and was expending approximately $250.00 per week. The trial judge found that during the marriage, the husband's "... contributions were adequate to assure her an extensive and fashionable wardrobe, trips abroad, and medical care for herself and an allergy-prone child".
In the judgment appealed from, the trial judge dissolved the marriage and awarded the appellee the custody of the parties' four year old daughter, $35.00 per week for support of the parties' four year old child, $75.00 per week for alimony, court costs, and $500.00 as attorney's fees.
On appeal, appellant argues that the judgment was excessive as to the amount of alimony and attorney's fees and further that the award of permanent alimony was improper.
As to the amount of $500.00 for attorney's fees, we find no fault with the judgment. The award is adequately supported by the record. Nor would we question $75.00 per week as an appropriate amount for rehabilitative alimony.
However, in awarding permanent alimony to the wife we hold that the judgment appealed from was in error and cannot be supported by applicable principles of law. In Roberts v. Roberts, 283 So.2d 396, 397 (Fla. 1st DCA 1973), the First District Court of Appeal reasoned that the public policy attendant to our dissolution law required that "... if the spouse has the capacity to make her own way through the remainder of her life unassisted by the former husband, then the courts cannot require him to pay alimony other than for rehabilitative purposes." In Thigpen v. Thigpen, 277 So.2d 583 (Fla. 1st DCA 1973), the First District had stated that the law placed "... both parties to the marriage on a basis of complete equality as partners sharing equal rights and obligations in the marriage relationship and sharing equal burdens in the event of dissolution."
Considering the length and style of the marriage, and the needs and abilities of the parties as reflected in the record, we find an insufficiency in the evidence to require alimony payments to extend beyond five years at a maximum from the date of dissolution in this case. We do not believe that there is "magic" in the number "five". We just reason that within five years the *1016 child of the parties should be of sufficient age as not to hinder appellee's abilities to be employed and that sufficient time should have passed to allow appellee to get additional training or schooling so as to place her in as good a position as to her ability to earn as she would have attained but for the marriage and what negative effects it may reasonably have had upon her ability to earn. We emphasize, that we are not holding that rehabilitative alimony should be provided for an exact period of five years. What we are saying is that under the circumstances of this case more than five years would be excessive. The evidence in this case just does not reflect a permanent inability on the part of appellee to become self-sustaining. Without that, there can be no award of permanent alimony.
The judgment appealed is reversed and the cause remanded with directions that an amended judgment be rendered that is consistent with the holding and views expressed in this opinion.
REVERSED and REMANDED.
MAGER, C.J., and CROSS, J., concur.