351 So.2d 1104 (1977)
Amy Louise GARRISON, Appellant,
v.
William N. GARRISON, Sr., Appellee.
No. 76-1785.
District Court of Appeal of Florida, Fourth District.
November 9, 1977.
John T. Christiansen, of Christiansen, Jacknin & Myers, Palm Beach, for appellant.
Larry Klein, and Cone, Owen, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellee.
ALDERMAN, Chief Justice.
In this divorce case the wife appeals, contending that the trial court erred by awarding rehabilitative rather than permanent alimony. We hold that the trial court did err when, as a pre-condition to the award of permanent alimony, it placed upon the wife the burden of showing that she must be completely and permanently dependent upon her husband for the rest of her life.
In its final order dissolving the marriage the trial court said:
With respect to the issue of permanent vs. rehabilitative alimony, in many respects this case contains the classic elements of the wife deserving of permanent alimony; a marriage of long duration (32 years); a woman who married at the age of eighteen (18), raised four children, stayed out of the market place at the behest of the husband; a high standard of living and one that would be difficult for the wife to approach from her own efforts, considering her educational and business background; a woman, while not too old to work at a substantial job, nevertheless, is at an age that reasonable employment would be difficult to obtain. On the other hand, the wife impresses the Court as a person capable of obtaining employment after appropriate vocational rehabilitation and after she adjusts to her new situation.
It is the burden upon the party seeking permanent alimony to demonstrate that she is entitled to same. The wife has testified that she is still undergoing considerable emotional stress as a result of the domestic problems leading up to this action for dissolution and the dissolution itself; however, with respect to the length of time necessary to overcome this and to enable the wife to become financially self-sufficient, she has not carried the burden of showing that she must be completely and permanently dependent upon the husband for the rest of her life. [Emphasis supplied.] Accordingly, the *1105 Court finds that she is entitled to rehabilitative rather than permanent alimony. It is expressly held that the wife may petition the Court at any time during this rehabilitative period to request a continuation of said period or a modification to make the alimony permanent.
In a recent opinion, intended to clarify the law regarding alimony where a breakup of a long term marriage is involved, we discussed the various factors which should be considered in allowing alimony. McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977). In the light of that opinion, we hold that a showing of complete and permanent dependence by the wife on her husband is a factor to be considered; but it is not an essential element which must be proved before there can be an award of permanent alimony. As was noted by the trial judge, the present case contains most of the factors enumerated in McAllister, indicating that an award of permanent alimony is appropriate.
The error is harmful even though the wife may at any time during the rehabilitative period petition for a continuation of rehabilitative alimony or a modification to make the alimony permanent. This is so because the burden is placed upon the wife to show significantly changed circumstances before there can be a modification. If she is entitled to permanent alimony it should be awarded now. Later, if the husband can show changed circumstances, either his or hers, he may be entitled to modification. Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973).
It may be that a combination of permanent and rehabilitative alimony would be justified. As stated in McAllister, supra, at 355, we do not intend to lend support to the thought that a middle aged healthy woman need not go out to work. The wife should be encouraged to seek employment, and to accomplish this, in addition to permanent alimony, an award of rehabilitative alimony may be appropriate.
Upon remand the trial court is directed to reconsider that part of its final judgment awarding rehabilitative rather than permanent alimony and enter a new order consistent with this opinion.
REVERSED and REMANDED.
LETTS, J., and HASTINGS, ALCEE L., Associate Judge, concur.