357 So.2d 201 (1978)
Joyce Bouvier ZAUGG, Appellant,
v.
Frederick B. ZAUGG, Appellee.
No. 77-1230.
District Court of Appeal of Florida, Third District.
March 7, 1978.
Rehearing Denied April 28, 1978.
*202 Abrams & Abrams, Miami, for appellant.
Robert V. Shea, Coral Gables, for appellee.
Before NATHAN and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by the wife, Joyce Bouvier Zaugg, from the provisions of a final judgment of dissolution of marriage. Frederick B. Zaugg, the husband, filed a petition for dissolution of marriage, and alleged a special equity in the parties' yacht, "Silver Seas," and in the marital home, both of which were held by husband and wife as tenants by the entireties. The wife answered and filed a counter-petition for dissolution of marriage, denying the husband's claims for special equities in the yacht and the home, and seeking an award of the home as lump sum alimony, or in the alternative, partition of the property. She also sought alimony, attorneys fees and costs, a special equity in the husband's medical practice and restoration of her former name.
The facts show that the parties were married for approximately fourteen years. The marriage was the second one for both parties. No children were born of this marriage. The husband is 57 years old and is a practicing dermatologist who had a gross income of $56,241.00 in 1976. He is now earning approximately $2,400.00 per month. The wife is 48 years old and has a twelfth grade education. She assisted the husband in his medical practice for several years without compensation, and later worked as an insurance adjustor until she sustained a low back injury in January, 1976. At the time of the dissolution proceeding, she was employed as an insurance adjustor in the risk management department of a local hospital on a part time basis. She earns $8,000.00 per year. Her position with the hospital is not a secure one due to her inability to work full time as a result of her injury. The parties have no assets other than the marital home and the yacht.
After the final hearing, a final judgment of dissolution of marriage was entered. In the judgment, the court awarded the wife lump sum alimony in the amount of $5,200.00 payable in weekly installments of $100.00. The court failed to find a special equity in the marital home and left the parties as tenants in common. The court awarded the husband a special equity in the yacht and ordered the wife to transfer her interest in it to the husband. The wife's claim for a special equity in the husband's medical practice was denied. On this appeal from the final judgment, the wife has raised several meritorious points for our consideration.
The wife's first point is that the court erred in failing to award her either permanent or rehabilitative alimony. We agree. Based on the evidence presented in the record in this case, including such factors as the wife's age, her health, her educational background, the extent of her ability to be self-supporting and the length of the marriage, we find that an award of rehabilitative alimony was required. Therefore, we reverse the lump sum alimony award, and we hold that the wife is entitled to rehabilitative alimony in the amount of $100.00 per week for three years, which is consistent with the wife's needs and the husband's ability to pay.
The wife next contends that the court erred in awarding the husband a special equity in the parties' yacht. The record contains evidence that the yacht was purchased solely with the husband's funds, some of which his family gave or loaned him, some from an inheritance he received and the remainder from the proceeds of the sale of the boat which he previously solely owned.
*203 Before the Florida Supreme Court rendered its opinion in Ball v. Ball, 335 So.2d 5 (Fla. 1976), the use of the husband's separate funds to acquire property held as tenants by the entireties resulted in the presumption of a gift to the wife. In Ball v. Ball, the necessity for the presumption of a gift was eliminated and it was ruled that where record title to real property is held by the entireties, equal division of the property is the starting point for property division. However, either spouse has the right to establish a special equity in the property where, for example, "... all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship." Ball v. Ball, supra, page 7. In such cases, the court continued, the property should be awarded to that spouse in the absence of contrary evidence that a gift was intended. The Court limited the application of the Ball decision to dissolution proceedings instituted after the date that opinion became final.
Dr. Zaugg's petition for dissolution of marriage was filed before the Ball decision became final. Thus, applying the law which was in effect previously, which presumed a gift to the wife, the record shows that although the husband did not rebut the presumption of a gift to the wife, he did show special circumstances which justify the award of a special equity in the yacht to him. See Steinhauer v. Steinhauer, 252 So.2d 825 (Fla. 4th DCA 1971). Therefore, we affirm the trial court on this point.
The remaining four points on appeal are that the court erred in failing to grant the wife a special equity in the husband's medical practice, in failing to partition the marital home, in failing to restore the wife's former name and in failing to award the wife the costs incurred in defending the dissolution of marriage action. Having considered each point in light of the briefs, the record and argument of counsel, we find no error in the trial court's failure to award the wife a special equity in the husband's medical practice. Nor do we find error in the failure to award the wife's costs as that point is now moot. However, we are of the opinion that the court did err in failing to partition the home as requested by the wife in her pleadings, see Singer v. Singer, 262 So.2d 731 (Fla. 3d DCA 1972), and in failing to restore the wife's former name. Therefore, we remand the cause to the trial court for modification of the final judgment, ordering partition of the home, restoring the wife's former name and awarding rehabilitative alimony to the wife in the amount, and for the period of time herein provided.
Affirmed in part, reversed in part and remanded with directions.
KEHOE, J., dissents.