PER CURIAM.
Mr. Phillips appeals from a final judgment of dissolution which provides that, in addition to the rehabilitative alimony awarded, husband is obligated to pay an amount equivalent to one-half of the income to be earned by the wife up to a maximum of $350 monthly for the first year, then $250 monthly for the second year. Appellant also contests the award of lump sum alimony in the form of one-half of the proceeds upon sale of a lot adjoining the marital home. Finally, Mr. Phillips appeals the award of attorney’s fees to the wife in the amount of $1,250. We reverse in part and affirm in part.
Neither party contests the adequacy of the rehabilitative alimony award. Appellant’s first point is solely concerned with the provision for additional payments to be made by the husband in the event the wife works. Although we appreciate the trial judge’s apparent attempt to offer the wife an incentive to work, there is no basis in law to make such an award at the expense of the husband. The wife’s entitlement to alimony depends on a showing of her need and husband’s ability to pay. Thigpen v. Thigpen, 277 So.2d 583 (Fla. 1st DCA 1973). The additional award had no relationship to the needs of the wife. Accordingly, the provision of the final judgment awarding additional monies in the event the wife worked is stricken. The award of lump sum alimony and attorney’s fees was within the court’s discretion and we find no error or abuse of discretion. Appellee’s motion for allowance of fee money on appeal is provisionally granted and the case is remanded for the trial court to consider the parties’ needs and abilities to pay. Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
McCORD, C. J., and BOOTH and LARRY G. SMITH, JJ., concur.