376 So.2d 253 (1979)
Alan STOLER, Appellant,
v.
Barbara Ann STOLER, Appellee.
No. 78-1261.
District Court of Appeal of Florida, Third District.
October 2, 1979.
Rehearing Denied November 13, 1979.
Sinclair, Louis, Siegel & Heath and John L. Zavertnik and Paul A. Louis, Miami, for appellant.
Leonard L. Kimball, North Miami Beach, Hal P. Dekle, Tallahassee, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
Appellant Alan Stoler appeals from certain of the financial portions of a final judgment dissolving his marriage to appellee Barbara Ann Stoler. The findings of the trial court include the following:
"4. There are two children born as a result of this marriage, to-wit: LINDA STOLER, age 14, and RICHARD STOLER, age 10.
"5. Petitioner wife has sustained the material allegations of her Petition by sufficient competent testimony which was established that the marriage between the parties is irretrievably broken.
"6. That the husband is a successful dentist well able to financially provide adequately for his wife and two minor children. That the wife is not gainfully employed and is dependent upon the husband for support and sustenance for herself and two children."
Based on the testimony before him, the trial judge awarded the custody of the two minor children to the wife and directed the husband to pay the wife $1,000.00 per month permanent alimony, inserting the provision: "There shall be an annual increase *254 in support and alimony based upon the U.S. Department of Labor cost of living index." In addition, the husband was required to pay $200.00 per month for child support and to make certain other provisions for the wife, which are not here in controversy.
On this appeal, the husband raises two points: The first is that the trial judge erred in providing in the final judgment for the automatic annual increase in alimony based upon a cost of living index. The second is that the trial judge erred and abused his discretion in awarding permanent instead of rehabilitative alimony.
In Greene v. Greene, 372 So.2d 189 (Fla. 3d DCA 1979), this court held that such an automatic provision is improper in an order modifying the alimony and support provisions of a final judgment of dissolution of marriage. We see no reason that the same rule should not apply to final judgments. The statutes and rules of procedure provide an adequate means for the adjustment of alimony to the needs of the recipient and the ability of the partner charged. It is difficult for trial judges to see into the future and determine these factors in advance. While there is a strong probability that the provision inserted might be beneficial, there is also a possibility that it might be unjust. As such, it should not be included in orders allowing alimony. We think that our position in this matter is supported by Richter v. Richter, 344 So.2d 889 (Fla. 4th DCA 1977); McNaughton v. McNaughton, 332 So.2d 673 (Fla. 3d DCA 1976); and Griffin v. Griffin, 276 So.2d 211 (Fla. 4th DCA 1973).
The trial judge having made his determination that some permanent alimony was proper for the former wife who, after 17 years of marriage is now 37 years of age and is charged with the upbringing of two minor children, we believe we should not substitute our judgment for his. See Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Koeppel v. Koeppel, 351 So.2d 766 (Fla. 3d DCA 1977); and Peacock v. Carter, 315 So.2d 214 (Fla. 1st DCA 1975).
Accordingly, the final judgment is modified by striking the following language from paragraph 4 of the "Ordered and Adjudged" portion thereof: "There shall be an annual increase in support and alimony based upon the U.S. Department of Labor cost of living index."
The judgment, as modified, is affirmed.
Modified and affirmed.
BARKDULL, Judge, dissenting in part.
I respectfully dissent from so much of the majority opinion that affirmed the award of permanent alimony. Since the adoption of the no fault divorce statute by the Florida Legislature, the courts have recognized that upon dissolution of a marriage relationship each party thereto should share equal burdens in such event. Thigpen v. Thigpen, 277 So.2d 583 (Fla. 1st DCA 1973); Fitzwater v. Fitzwater, 296 So.2d 74 (Fla. 1st DCA 1974). As was stated in Beard v. Beard, 262 So.2d 269, 272 (Fla. 1st DCA 1972):
.....
"... The fortuitous circumstance created by recitation of the marriage vows neither diminishes her [the wife's] capacity for self-support nor does it give her a vested right in her husband's earnings for the remainder of her life."
.....
If the wife has the capacity to make her own way through the remainder of her life unassisted by the former husband, then the court cannot require him to pay alimony other than for rehabilitative purposes. Roberts v. Roberts, 283 So.2d 396 (Fla. 1st DCA 1973). Without evidence reflecting a permanent inability on the part of the wife to become self-sustaining, there can be no award of permanent alimony. Crees v. Crees, 342 So.2d 1014 (Fla. 4th DCA 1977). A review of the record in the instant case reveals that the award of permanent alimony to the wife is not supported by competent substantial evidence of a permanent inability on the part of the wife to become self-sustaining.
*255 The parties were married for approximately 16 years and had two minor children. At the time of the final hearing the wife was 37 years old, in good health, and had a college degree in teaching. She had been employed as a Dade County school teacher at the time of the marriage and continued teaching during the first year of the marriage. She testified that her teacher's certificate had since lapsed and that she hadn't tried to get a job teaching during the last twelve months. At the time the wife gave her testimony, she was attending Barry College and taking a Master's degree program in community counseling. She stated that she was trying to get herself ready to eventually go back to work. She thought she should not work, so that she could be at home when the children returned from school in the afternoon. In addition to continuing her education, the wife worked part-time at Gulliver Academy as a counselor in exchange for the tuition for her daughter, Linda; took volunteer training at South Miami Hospital, and participated in civic and religious affairs.
Based on these undisputed facts, it appears that the trial judge erred and abused his discretion in awarding permanent alimony, since there is no competent substantial evidence reflecting a permanent inability on the part of the wife to become self-supporting. This is apparent not only from the uncontroverted facts that the wife has the capacity and desire to be self-supporting, but that she is also presently working part-time as well as preparing herself for a new career. See: Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976); Collins v. Collins, 323 So.2d 583 (Fla. 3d DCA 1975); Zaugg v. Zaugg, 357 So.2d 201 (Fla. 3d DCA 1978); Manning v. Manning, 353 So.2d 103 (Fla. 1st DCA 1977); Smithwick v. Smithwick, 353 So.2d 572 (Fla. 1st DCA 1977).
In Cann v. Cann, supra, the First District Court of Appeal held that the trial judge erred in awarding permanent alimony rather than rehabilitative alimony in view of the wife's capacity and desire to be self-supporting. The court, in reversing an award of permanent alimony, stated:
.....
"Under the circumstances, the trial court erred in awarding permanent rather than rehabilitative alimony. As we have previously stated: `The public policy under the new law which the legislature passed and which therefore we must apply seems to be that if the spouse has the capacity to make her own way through the remainder of her life unassisted by the former husband, then the courts cannot require him to pay alimony other than for rehabilitative purposes.' (Roberts v. Roberts, Fla.App. 1st 1973, 283 So.2d 396, 397; see also Beard v. Beard, Fla.App. 1st 1972, 262 So.2d 269; and Thigpen v. Thigpen, Fla.App. 1st 1973, 277 So.2d 583). The public policy of the State would be utterly frustrated by an award of permanent alimony where it affirmatively appears that the wife has not only the capacity but also the desire to be self-supporting.
"In considering the amount and duration of rehabilitative alimony the trial court has a broad discretion. A wide range of factors may properly be considered. In the instant case, such factors may include the length of time required by the wife to upgrade her education qualifications in order to secure employment and the necessity of the wife in remaining at home to care for her minor children. On the latter point we reiterate, `* * * We do not now intend, and never have intended, to discourage the role of a mother by the few remaining women in our society who are willing to fulfill that obligation and purpose. * * *' (Ruhnau v. Ruhnau, supra, at page 64) Thus, the trial court may very well, in its discretion, determine that the presence of the mother in the home is so necessary to the well-being of the minor children that an award of rehabilitative alimony may be essential until said children become suijuris. Moreover, as the period of rehabilitative alimony draws to a close, the wife may, upon a showing of diligent effort toward rehabilitation which through no fault of her own has been unsuccessful, petition the trial court for an extension of the rehabilitative alimony."
.....
*256 In Zaugg v. Zaugg, supra, this court reversed an award of lump sum alimony and concluded that based on the wife's age, health, educational background, length of the marriage, and her ability to be self-supporting, an award of rehabilitative alimony was required.
In Manning v. Manning, supra, the First District Court of Appeal reversed an award of permanent alimony and remanded the cause for the entry of an award of rehabilitative alimony. On rehearing, the court clarified its position as to the reason for awarding the wife only rehabilitative alimony.
.....
"... [H]owever, for clarification we reiterate that just as permanent does not necessarily mean forever (Ruhnau v. Ruhnau, supra) neither does rehabilitative necessarily mean temporary. Should a trial judge determine that a mother is discharging her responsibilities as such and that her `mothering responsibilities' prevent her from rehabilitating herself or substantially impede her progress to that end, then there is nothing to prohibit the trial judge from awarding rehabilitative alimony during such period although the period may encompass an extensive amount of time. However, when the mother role has terminated by virtue of maturity or independence of the children then the wife should, health and other factors permitting, make every effort to rehabilitate herself within a reasonable time thereafter and when she has done so the rehabilitative alimony should be discontinued. As in other forms of alimony, rehabilitative alimony may be modified from time to time upon a showing of change of circumstances; the needs and respective abilities being the guideposts for the exercise of judicial discretion."
.....
I would hold that the trial judge erred and abused his discretion in awarding the wife permanent instead of rehabilitative alimony, especially where it affirmatively and uncontrovertedly appears in the record that the wife is relatively young, in good health; has a college degree, has the capacity and desire to be self-supporting, and is presently earning a Master's degree.
In view of these circumstances, an award of permanent alimony is not appropriate for it eliminates all incentive for the wife to continue her education or prepare herself to become self-supporting, in that any attempt by her to become self-supporting may eventually cause the award of permanent alimony to be terminated. Consequently, permanent alimony has the effect of turning a young, capable woman into an alimony drone, while an award of rehabilitative alimony would require her to at least attempt to rehabilitate herself. Even under an award of rehabilitative alimony, in the event she is unsuccessful after a diligent effort toward rehabilitation, she could always petition the trial judge for an extension of the rehabilitative alimony or an award of permanent alimony.
I would reverse the award of permanent alimony, with directions to make it rehabilitative until the youngest child of the parties reaches eighteen years of age or leaves his mother's home, whichever is earlier.