390 So.2d 1196 (1980)
Veroncia G'SELL, Appellant,
v.
Charles Joseph G'SELL, Appellee.
No. 79-282.
District Court of Appeal of Florida, Fifth District.
November 5, 1980.
Rehearing Denied December 15, 1980.
Agustin R. Benitez of Greater Orlando Area Legal Services, Inc., Tavares, for appellant.
*1197 Neal D. Huebsch of Huebsch, Bowen & Croak, Eustis, for appellee.
ORFINGER, Judge.
Two issues are raised by the wife in appealing the final judgment of dissolution of marriage. She contends that the trial judge erred in awarding her rehabilitative alimony instead of permanent periodic alimony, and that the award of child support is insufficient.
This marriage of approximately 20 years produced three children, two of whom were minors when the final judgment was entered. What distinguishes this case from most of the reported cases is that we are not dealing with above average available income, but instead are concerned, as was the trial court, with the appropriate distribution of the husband's earnings of approximately $850 per month, derived from his occupation as an automobile mechanic at which trade he has been employed for about 22 years. He has little prospect for improving his earning capacity.
The trial court awarded custody of the minor children to the wife, gave her the right of possession of the marital home and made provision for the husband to support the minor children until their majority. The wife contends that there was error in the award, but she has not demonstrated an abuse of discretion on the part of the trial court, so the award of support for the minor children is affirmed.
We face a different problem in considering the wife's contention as to alimony. The wife was 21 years old when she married the appellee, had left school after the seventh grade at age 13, and had never been employed either before or after the marriage. She had no training for any type of employment or occupation and there is no evidence that she is employable. She claims to have health problems which would also interfere with employment. The trial court awarded her rehabilitative alimony of $200 per month for two years without any evidence that she had or could develop any marketable skills during that period, nor that there was any probability that she would be capable of self support at the end of that period.
The principal purpose of rehabilitative alimony is to establish the capacity for self support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Reback v. Reback, 296 So.2d 541 (Fla. 3d DCA 1974), cert. denied 312 So.2d 737 (Fla. 1975). As was stated in Reback, the record here is devoid of any evidence that the wife will be rehabilitated in the two year period. Where the prior education, skills or training of the wife do not of themselves show the actual or potential capacity for self support, rehabilitative alimony is improper in the absence of other evidence showing such capacity. Reback, supra; West v. West, 345 So.2d 756 (Fla. 4th DCA 1977).
We reverse the judgment as it pertains to rehabilitative alimony and remand the cause with directions that the trial court enter an award for permanent periodic alimony in such amount as the court shall determine to be appropriate based upon the current needs of the wife and the husband's ability to pay.
AFFIRMED in part, REVERSED in part and REMANDED with directions.
SHARP, J., and BAKER, JOSEPH P., Associate Judge, concur.