399 So.2d 72 (1981)
Betty June PATRICK, Appellant/Cross Appellee,
v.
J.M. PATRICK, Appellee/Cross Appellant.
No. 80-875.
District Court of Appeal of Florida, Fifth District.
May 27, 1981.
H. Charles Woerner, Jr., South Daytona, for appellant/cross appellee.
*73 Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellee/cross appellant.
ORFINGER, Judge.
The former wife appeals portions of a final judgment of dissolution of marriage, and the former husband cross appeals. We affirm in part and reverse in part.
The final judgment dissolving this 36 year marriage divided certain marital assets between the parties, awarded the marital home to the wife as lump sum alimony, and required the husband to pay to the wife rehabilitative alimony for 36 months. The wife contends that the alimony award is insufficient, and should have been made permanent. The husband contends that he established a special equity in certain of the jointly held property which the trial court failed to recognize.
On the question of alimony, the record is clear that the wife did not finish high school and had only worked for a few months during the entire marriage. She has no training for any type of work. She has been working part-time as a sales clerk. Thus there is nothing in the record to indicate that the wife can be or will be rehabilitated within the 36 month period of the "rehabilitative" award. We have previously held, as have other courts, that where the prior education, skills or training of the wife do not of themselves demonstrate the actual or potential capacity for self support, rehabilitative alimony is improper in the absence of other evidence showing such capacity. G'Sell v. G'Sell, 390 So.2d 1196 (Fla. 5th DCA 1980). Here there was no such evidence. The trial court specifically found that the wife had proven her need of alimony and her entitlement to it, so in awarding rehabilitative instead of permanent alimony, he applied an incorrect rule of law which we have the obligation to correct. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Although the wife has the right to seek an extension of a rehabilitative alimony award, or a conversion to permanent alimony, she would have the burden of proving the change of conditions which would entitle her to any such modification. Therefore, if she is entitled to permanent alimony, it should be awarded to her now. Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981). For these reasons, on remand, the award of rehabilitative alimony should be made permanent.
The amount of the monthly alimony award is peculiarly within the discretion of the trial court, and since no abuse of that discretion has been demonstrated, we are without authority to alter the award. Canakaris, supra. Similarly, we find no abuse of discretion in the division of the marital property.
The designation of the periodic alimony award as rehabilitative is reversed with directions to make is permanent, and the final judgment is otherwise affirmed.
AFFIRMED in part, REVERSED in part and REMANDED with directions.
COBB and SHARP, JJ., concur.