403 So.2d 451 (1981)
Ronald E. HINEBAUGH, Appellant/Cross-Appellee,
v.
Caryle S. HINEBAUGH, Appellee/Cross-Appellant.
No. 80-1165.
District Court of Appeal of Florida, Fifth District.
August 5, 1981.
Rehearing Denied September 15, 1981.
Isham W. Adams of Adams & Briggs, Daytona Beach, Henry P. Duffett of Duffett, Seps & Akers, Ormond Beach and Spector, Tunnicliff & McCord, P.A., Tallahassee, for appellant/cross-appellee.
Berrien Becks, Jr. of Becks, Becks & Wickersham, Daytona Beach, for appellee/cross-appellant.
*452 SHARP, Judge.
The husband appeals from a final judgment of dissolution of marriage and the wife cross-appeals. The husband challenges the awards of rehabilitative alimony, lump sum alimony and attorney's fees. He also challenges the requirement that he maintain life insurance for the benefit of the wife and the failure of the trial court to partition and award him exclusive possession of his office building. The wife challenges the court's denial of permanent alimony. The court awarded her two hundred fifty dollars ($250.00) per week rehabilitative alimony until three years after the youngest child reaches majority. We affirm the lower court in all respects except its refusal to award permanent alimony rather than rehabilitative, its refusal to partition the office building, and its requirement that the husband maintain life insurance on his life for the wife's benefit.
The parties were married for sixteen years and have two minor children. The husband is a medical doctor earning approximately fifty-seven thousand dollars ($57,000) per year. The wife has a degree in education and worked full time as a teacher to support the family while the husband completed medical school. The wife has not worked since the first child was born and she does not have a permanent teaching certificate. She plans to remain at home to care for the children, but does work part-time as a teacher's aide earning two dollars fifteen cents ($2.15) per hour. It will be approximately twelve years before the youngest child is eighteen (18) and the wife will then be forty-six (46) years old. The record does not indicate any basis to conclude that at that point or three years thereafter the wife will be able to earn sufficient income to sustain herself at a level that approximates the level the parties experienced during the marriage. Under these circumstances it was an abuse of discretion for the trial court not to award the wife permanent alimony. Patrick v. Patrick, 399 So.2d 72 (Fla. 5th DCA 1981); Gerber v. Gerber, 392 So.2d 317 (Fla. 4th DCA 1980); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980); G'Sell v. G'Sell, 390 So.2d 1196 (Fla. 5th DCA 1980); McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977).
At oral argument the parties stipulated that the office building should be partitioned and that it was error to require the husband to maintain insurance for the benefit of the wife. However, the court may order the husband to maintain life insurance for the benefit of the children during their minority. Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981). We reverse and remand for an award of permanent alimony, reconsideration of the life insurance question and partition of the office property.
AFFIRMED in part; REVERSED in part; and REMANDED.
FRANK D. UPCHURCH, Jr., J., concurs.
COBB, J., concurs in part, dissents in part, with opinion.
COBB, Judge, concurring in part, dissenting in part.
I concur with the majority opinion in all respects except for the reversal of the trial court's award of rehabilitative, as opposed to permanent, alimony. I would affirm the trial court in that regard. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Hair v. Hair, 402 So.2d 1201 (Fla. 5th DCA 1981); and G'Sell v. G'Sell, 390 So.2d 1196 (Fla. 5th DCA 1980).