409 So.2d 256 (1982)
Albena CARRIER, Appellant,
v.
Joseph A. CARRIER, Sr., Appellee.
No. 80-1745.
District Court of Appeal of Florida, Fourth District.
February 10, 1982.
Ronald Payne, Fort Lauderdale, for appellant.
Michael E. Muchnick of Litman, Muchnick & Wasserman, Hollywood, for appellee.
GLICKSTEIN, Judge.
The wife appeals from a final judgment of dissolution of marriage. The trial court's order awarded her custody of the parties' two minor children, ages one and ten, exclusive use of the marital home during the minority of the children, $32.56 per week child support for each child, $46.50 per week rehabilitative alimony for five years, $124.00 per month or whatever sum constituted one-half of the required first mortgage payment, $16.00 per month toward the maintenance of the home, and attorneys' fees of $250.00 and costs of $96.00. The wife contends it was error to award alimony of only $46.50 per week and only rehabilitative alimony.
Appellee relies upon our decision in Crees v. Crees, 342 So.2d 1014 (Fla. 4th *257 DCA 1977), in support of the trial court's award of only rehabilitative alimony. In Crees we said, "The evidence in this case just does not reflect a permanent inability on the part of appellee to become self-sustaining. Without that, there can be no award of permanent alimony." Id. at 1016. We believe the foregoing doctrine was overruled by our later decision of Garrison v. Garrison, 351 So.2d 1104 (Fla. 4th DCA 1977). In Garrison we held permanent dependence on a husband was not an essential element requiring proof before an award of permanent alimony could issue.
In the present case, at the time of the final hearing in September of 1980, the wife was thirty-nine years old and had been married to appellee for nineteen years. Their standard of living, prior to their separation, was good. She never worked outside the home during the marriage, except when she temporarily sold Avon products and secured occasional cleaning jobs in the neighborhood three or four times a month. She testified she has a high school education but no skills and does not own an automobile, although she recently learned to drive. She further testified that whatever jobs appeared available were at the minimum wage level and not worth leaving her minor children at home without her supervision. She raised the parties' four children. In our mind the foregoing facts compel the award of permanent alimony. McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977), cert. denied, 357 So.2d 186 (Fla. 1978).
We also agree with the wife's contention that the award of $46.50 per week was error. When the parties separated, the husband was voluntarily paying the wife $210.00 per week. In the nine months prior to the final hearing the husband had been voluntarily paying the wife $185.00 per week because of a cutback in his overtime. There was no evidence that the wife's needs were any less than they were when the husband was voluntarily paying $185.00 per week. She was receiving approximately $800.00 per month prior to the final hearing for all of her needs and those of the children; it was error to reduce that sum. Accordingly, we reverse the alimony provision of the final judgment and remand the cause with directions to enter an award of permanent alimony of $380.00 per month payable $88.37 per week.[1] The judgment is otherwise affirmed.
AFFIRMED in part and REVERSED in part and REMANDED.
ANSTEAD and HURLEY, JJ., concur.
NOTES
[1] The figure of $380.00 is based upon total benefits of $800.00 per month. The $800.00 represents the alimony to be awarded and the child support, mortgage, and maintenance payments already awarded.