432 So.2d 666 (1983)
Gary W. CAMPBELL, Appellant/Cross Appellee,
v.
Chalermsri V. CAMPBELL, Appellee/Cross Appellant.
No. 82-233.
District Court of Appeal of Florida, Fifth District.
June 2, 1983.
*667 Lawrence W. Solodky of Law Office of Marvin E. Newman, Orlando, for appellant/cross appellee.
Addison E. Walker, St. Cloud, for appellee/cross appellant.
ORFINGER, Chief Judge.
In this appeal from a final judgment of dissolution of marriage, the former husband contends that the trial court erred in awarding the former wife permanent periodic alimony of $200 per month, child support of $275 per month and $400 towards the wife's attorney's fees.
In awarding the wife child support and a portion of her attorney's fees, the trial court acted well within its discretion and we will not disturb that decision. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We hold, however, that the award of permanent periodic alimony is error under the evidence presented here so we reverse that award with directions to award rehabilitative alimony for such period as the trial court may deem proper.
The parties were married in Thailand in October, 1972, while the husband was stationed there in the military service. The wife is a Thai native. The ten-year marriage produced one daughter, who was approximately eight years old when the final judgment of dissolution was entered. When the parties met in Thailand, the wife was working for the United States Army as a file clerk. For the first five years of the marriage she did not work, but during the last five years she was employed as a clerk/typist for a food store, although she later requested a change of position to cook so that she could spend more time with her child. The thirty-four year old former wife speaks adequate, although not excellent, English. She speaks her native language fluently, and is also able to speak some Japanese and some French. She had three years of "college" education in Thailand, and although the record indicates that this is not the same as a college education here, it did prepare her for the type of work she did for the Army. During the marriage, the wife handled all of the family's finances. The husband is a deputy sheriff whose take-home pay is approximately $1100 per month. The wife's net earnings from her job were approximately $540 per month. Her voluntary change of positions did not materially affect her earnings.
It was in this posture that the trial court awarded the wife $200 in permanent periodic alimony, custody of the child and child support, attorney's fees and exclusive occupancy of the marital home during the minority of the child. The custody is not appealed, nor is the award of exclusive possession. As earlier indicated, we address only the question of the award of permanent periodic alimony. The husband contends that the award is too high, but also argues that if any alimony is justified, it should be rehabilitative and not permanent.
Rehabilitative alimony is best defined by reviewing its nature and purpose. In Reback v. Reback, 296 So.2d 541 (Fla. 3d DCA 1974), the court looked to the dictionary definition of the word "rehabilitative" and found that:
The dictionary definition of the word "rehabilitate" is to "restore to a former capacity ... to put on a proper basis or into a previous good state again." This word, when applied descriptively to alimony to which a husband or wife may be entitled, assumes necessarily either a previous potential or actual capacity for self-support in the person seeking alimony which has been undeveloped or completely lost during *668 the marriage. The ordinary definition indicates that "rehabilitative" alimony is appropriate in those situations where it is possible for the person to develop anew of (sic) redevelop a capacity for self-support, and should be limited in amount and duration to what is necessary to maintain that person through his training or education, or until he or she obtains employment or otherwise becomes self-supporting. (emphasis supplied).
Id. at 543. The Supreme Court approved this definition in Canakaris, 382 So.2d at 1203.
In Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980), this court described rehabilitative alimony as that coming from a financially able spouse to a needy spouse "to assist the needy [one] in adjusting to a new life and to aid in obtaining new skills, education and/or other rehabilitation." We described it as the type of support whose purpose was often to assist the spouse in obtaining a skill and a return to the marketplace.
In G'Sell v. G'Sell, 390 So.2d 1196 (Fla. 5th DCA 1980), we held that the principal purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or through providing the training necessary to develop potential supportive skills. Although the facts in G'Sell militated against the award of rehabilitative alimony, its definition and purpose are useful here. By contrast, in Hair v. Hair, 402 So.2d 1201 (Fla. 5th DCA 1981), we recognized the distinctive characteristics of rehabilitative alimony and of permanent alimony as set forth in G'Sell, but held that the facts of that case supported the award of rehabilitative alimony, not permanent.
Among the considerations which enter into the determination of whether alimony is to be awarded and, if so, the nature and amount thereof, are the age and earning ability of the parties, their health and education, the duration of the marriage, the standard of living enjoyed by them during the marriage and their estate. Canakaris, supra; O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). However, under current law, if the former wife has the capacity to make her own way unassisted by her former husband, then courts cannot require the husband to pay alimony other than for rehabilitative purposes. Crees v. Crees, 342 So.2d 1014 (Fla. 4th DCA 1977); Roberts v. Roberts, 283 So.2d 396 (Fla. 1st DCA 1973). Thus, each case must be examined carefully to determine whether, as a matter of law, the alimony needs of the wife fall into one category or the other.
We held in G'Sell that where the prior education, skills or training of the wife do not of themselves show the actual or potential capacity for self-support, rehabilitative alimony is improper in the absence of other evidence showing the capacity for rehabilitation. Id. at 1197. We now hold that the converse must also apply  that where, as here, the prior education, skills, training and work experience of the wife clearly demonstrate that she has the capacity or potential for self-support in a manner similar to that enjoyed by her during the marriage, but may not be quite ready to weather the storm alone, rehabilitative alimony, not permanent, is the award of choice. It has been held that there can be no award of permanent alimony where the evidence does not reflect a permanent inability on the part of the wife to become self-sustaining. Crees, supra. Conversely, it should also be the rule that where the record affirmatively shows the wife's ultimate capacity to become self-supporting, an award of permanent periodic alimony is improper.
In applying this rule, we remind the reader that the "impossible dream" is not the goal we seek. The objective should be to do equity and justice between the parties. McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977). Having a job or income is not necessarily the same as being self-supporting or as demonstrating the capacity for self-support. O'Neal, supra. Where the wife, despite her education or *669 earning ability, cannot reasonably hope to earn enough to support herself, permanent periodic alimony may still be required to discharge the husband's obligation to her, Collucci v. Collucci, 392 So.2d 577 (Fla. 3d DCA 1980), depending on all the circumstances.
However, where as here, the evidence demonstrates without question that the additional needs of the wife beyond her present earnings are well within her reach, the trial court should give her the reasonable opportunity and the means with which to improve her skills so as to accomplish that result. The wife here has clerical skills and speaks several foreign languages. There should be abundant opportunities for productive improvement in skills and employment, given the time and the support to reach that goal. The husband has little, if any, more economic advantage here than she has, and it would be manifestly unjust to require him to provide support to a young, healthy and capable wife for the remainder of her unmarried life without first requiring the wife to demonstrate that in spite of her skills, she is unable to make her way by herself. Kahn v. Kahn, 78 So.2d 367 (Fla. 1955); Denny v. Denny, 334 So.2d 300 (Fla. 1st DCA 1976).
Rehabilitative alimony provides the means and the opportunity to accomplish those goals, and because such an award is based on certain assumptions and probabilities, O'Neal, supra, if these assumptions and probabilities do not develop as anticipated within the projected term, through unforeseen or faultless circumstances, the receiving spouse may request the court to modify or extend the award or to convert it to permanent alimony. Canakaris, supra; Myrick v. Myrick, 402 So.2d 452 (Fla. 5th DCA 1981); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975). Other courts under similar factual circumstances have held that rehabilitative alimony was the appropriate award, rather than permanent. See, e.g., Burkhart v. Burkhart, 418 So.2d 1067 (Fla. 3d DCA 1982); Manning v. Manning, 353 So.2d 103 (Fla. 1st DCA 1977).
Thus we hold that under the circumstances such as found here, it is not a matter of the trial court's discretion that we address. Rather, we hold that the trial court has applied an incorrect principle of law when he awards permanent periodic alimony under circumstances where such award has no legal justification. See, Canakaris, supra; cf., Patrick v. Patrick, 399 So.2d 72 (Fla. 5th DCA 1981); Wagner v. Wagner, 383 So.2d 987 (Fla. 4th DCA 1980).
The final judgment is affirmed in all respects except as to the award of permanent periodic alimony, as to which award the judgment is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
AFFIRMED in part, REVERSED in part, and REMANDED.
DAUKSCH and COWART, JJ., concur.